# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JULIAN MATEO BALLESTEROS<br>SANDRO PERUGORRIA LUNA<br><br>*Defendant(s)* | Case No. 8:25-mj-2143-NHA |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of April 22, 2025 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a),(b) | Conspiring to Possess with the Intent to Distribute Five Kilograms or more of Cocaine on a Vessel Subject to the Jurisdiction of the United States. |
| 46 U.S.C. §§ 70503(a) and 70506 (a), and 21 U.S.C § 960(b)(1)(B)(ii) | Possession with Intent to Distribute Five Kilograms or more of a Mixture or Substance Containing a Detectable Amount of Cocaine on a Vessel Subject to the Jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Justin Cooksey, Special Agent, CGIS
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: May 21, 2025

*Judge's signature*

City and state: Tampa, FL   Hon. Natalie Hirt Adams, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin Cooksey, being duly sworn, depose and state the following:

### Introduction and Agent Background

1. I submit this affidavit in support of a criminal complaint charging Julian Mateo **BALLESTEROS** and Sandro Perugorria **LUNA** with conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a),(b), and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(B)(ii).

2. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2015. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2023. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office ("USAO") of the Middle District of Florida, and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal

Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. Before becoming a Special Agent with CGIS, I spent over twelve years as a sworn law enforcement officer in the State of Florida with experience as patrol officer, field training officer, and detective. I have conducted numerous criminal investigations of misdemeanor and felony offenses. As a Special Agent with CGIS, I have participated in numerous criminal investigations of individuals suspected of violating federal statutes and regulations.

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction,

in order to enforce federal laws.

6. On or about April 22, 2025, while on routine patrol in the Caribbean Sea, a Maritime Patrol Aircraft ("MPA") located a Target of Interest ("TOI"), an approximately 55-foot sailing vessel (the "Vessel") approximately 150 nautical miles north of La Guajira, Colombia, in international waters. The United States Coast Guard Cutter ("USCGC") DILIGENCE diverted to investigate the Vessel. The Vessel displayed a Polish flag.

7. The USCGC DILIGENCE deployed their boarding team and launched their small boats to conduct a Right of Approach ("ROA") on the Vessel. The Vessel was dead in the water and was not transmitting on Automatic Identification System ("AIS"), which provides coordinates of the Vessel so that others are aware of its position.

8. When the boarding team arrived, they found two persons onboard the Vessel: Julian Mateo **BALLESTEROS** and Sandro Perugorria **LUNA**. **BALLESTEROS** claimed to be the master of the vessel, and **LUNA** claimed that the purpose of their voyage was to transit to Sint Maarten for parts. The USCG law enforcement boarding team identified the Vessel as the Sailing Vessel "SCHEDIR" with registration number POL000NHA and claiming a homeport of Helsinki, Poland.

9. The Vessel was actively taking on water and **BALLESTEROS** requested rescue and assistance from the boarding team. The boarding team boarded the Vessel for rescue and conducted a Basic Initial Safety Sweep ("BISS"). During

the BISS, the boarding team found packages in the forward compartment that were consistent with the transportation of illegal contraband. The boarding team successfully brought the flooding under control while USCG National Command Center initiated a forms exchange with Poland under Article 17 in accordance with the bilateral agreement to conduct a Right of Visit ("ROV") on the Vessel.

10. While working on this forms exchange, the boarding team saw **LUNA** go into the forward compartment for approximately 30 seconds to get food and medicine. Shortly after **LUNA** returned, the boarding team smelled smoke emitting from the compartment. The boarding team went to investigate and saw a large amount of smoke and flames in the compartment. The boarding team was forced to flee the now-burning Vessel with **BALLESTEROS** and **LUNA** to the cutter boats. A rescue team came to the Vessel to attempt to quell the fire, but had to retreat after something on the Vessel exploded. The Vessel became engulfed in flames and was deemed unsalvageable.

11. As a result of the explosion, USCG granted a Statement of No Objection ("SNO") to conduct IONSCAN swipes on **LUNA's** hands. That IONSCAN returned a presumptive positive result for cocaine and Triacetone Triperoxide (also known as "TATP"). TATP is a highly unstable and dangerous explosive sensitive to heat, shock, and friction. **BALLESTEROS** and **LUNA** were detained.

12. USCGC DILIGENCE recovered nine packages of suspected

contraband. One bale had severe damage from the fire and explosion. The at-sea weight of the remaining bales was approximately 19.5 kilograms. USCGC DILIGENCE transferred the two detainees and contraband to the USCGC CAMPBELL. Onboard the USCGC CAMPBELL, Coast Guard personnel conducted two Narcotics Identification Kit ("NIK") tests on the seized contraband, which yielded positive results for cocaine.

13.    On or about May 16, 2025, the United States Department of State and USCG received a response from the Republic of Poland that confirmed that the Republic of Poland had no objection to the assertion of United States jurisdiction on the Vessel. This statement renders the Vessel subject to the jurisdiction of the United States under 46 U.S.C. § 70502(c)(1)(C).

## Conclusion

14.    Based upon the foregoing information and my knowledge of the investigation, I respectfully submit that probable cause exists to believe that Julian Mateo **BALLESTEROS** and Sandro Perugorria **LUNA**, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Justin Cooksey
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this  21st  day of May, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge